UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSHUA JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:21-cv-02296-TWP-TAB |
| | ) |
| MARK SEVIER, | ) |
| | ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Joshua Jackson filed a petition for a writ of habeas corpus challenging a New Castle Correctional Facility disciplinary proceeding identified as NCP 18-05-0012. For the reasons explained in this Order, Mr. Jackson's habeas petition is **denied,** and the **clerk is directed to enter final judgment** in Respondent's favor.

## I.   Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: (1) the issuance of at least 24 hours advance written notice of the charge; (2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; (3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and (4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On May 5, 2018, Officer R. Timmons issued a Report of Conduct charging Mr. Jackson with a violation of Code A 102 for assault. Dkt. 13-1. The Conduct Report states:

> On the above date and approx. time, I Ofc. Timmons seen offender Jackson spit on another offender striking him in the side of the face. I Ofc. Timmons advised offender Jackson of this conduct report.

*Id*.

On May 7, 2018, Mr. Jackson was notified of the charges. Dkt. 13-2. The screening was cut short because Mr. Jackson started cursing at the notifying officer. *Id*. A hearing was held on May 10, 2018. Dkt. 13-5. During the hearing, the disciplinary hearing officer ("DHO") noted that Mr. Jackson refused to attend the hearing. *Id*. When invited to attend, Mr. Jackson ignored the orders of the officers and continued reading a book. *Id*. The DHO found Mr. Jackson guilty based on staff reports and a photograph. *Id*. Mr. Jackson received a loss of 163 days of earned credit time. *Id*.

Over three years later, Mr. Jackson filed an appeal with the Facility Head on June 28, 2021. The appeal was denied on July 20, 2021. Dkt. 13-7 at 2. Mr. Jackson filed the instant petition for a writ of habeas corpus on August 19, 2021. Dkt. 2. As of the date of this Order, Mr. Jackson has not filed a reply to Respondent's return.

## III. Analysis

Respondent argues that Mr. Jackson failed to exhaust the administrative appeals process because he failed to file a timely appeal to the facility, and, as a result, he failed to file an appeal to the final reviewing authority. Dkt. 13 at 2.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus.

*See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The Indiana Department of Correction's Disciplinary Code for Adult Offenders 02-04-101 outlines the process for an inmate to appeal a disciplinary disposition. Dkt. 13-9 at 52-55.

There are two levels to this appeal process. *Id*. At the first level, "an offender who desires to appeal a disciplinary disposition shall complete State Form 39587, 'disciplinary hearing appeal,' within fifteen (15) calendar days from the date of the disciplinary hearing or receipt of the report of disciplinary hearing." *Id*. This first-level appeal must state the "specific reasons such a review is requested" and shall be made to the Warden or designee of the facility (sometimes called the "Facility Head"), where the hearing was held. *Id*. If an offender's sanctions involved a grievous loss and the offender is dissatisfied with the response to his first-level appeal, he may file a second-level appeal to the Appeal Review Officer (sometimes called the "Final Reviewing Authority") "within fifteen (15) days from the date of receipt of the Warden or designee's appeal response." *Id*. at 54. The second-level appeal shall be completed on State Form 39587 and "may be based only upon the same concerns in the first level appeal," as "[c]oncerns that deviate from the first level appeal may not be considered." *Id*.

In this case, Mr. Jackson's disciplinary hearing took place on May 10, 2018. Dkt. 13-5. He drafted an appeal to the Facility Head on June 28, 2021, and it was denied on July 20, 2021. Dkt. 13-7 at 1-2. The Facility Head noted that Mr. Jackson's

> disciplinary appeal [was to] be filed within fifteen (15) working days after the disciplinary hearing date to the facility head to be accepted. Since [his] appeal was filed past the deadline no action [would] be taken and the disciplinary hearing will stand as recorded. Guilty of A102. Not appealable to IDOC.

*Id*. at 1.

While Mr. Jackson argues the delay was due to his mental illness, *id.*, he failed to provide any information to support his claim. Additionally, Mr. Jackson was given an opportunity to reply to Respondent's return and did not make a submission. Therefore, Mr. Jackson has not proven he fully presented his claims or that the failure to do so should be excused. Because he has not exhausted the administrative appeals process, he is barred from seeking habeas relief.

### IV. Conclusion

Accordingly, the petition for a writ of habeas corpus is **DENIED**. This action is **DISMISSED**. Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 6/22/2022

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

JOSHUA JACKSON
222115
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Monika P. Talbot
INDIANA ATTORNEY GENERAL
monika.talbot@atg.in.gov